UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STATE OF FLORIDA DEPARTMENT
OF ENVIRONMENTAL PROTECTION,

    Plaintiff,

v.                                              Case No: 2:13-cv-00251-SPC-UA

B. LYNN CALLAWAY AND NOEL D.
CLARK, JR., AS TRUSTEES of the
GREEN THUMB FARM TRUST

    Defendants.
_____/

## ORDER

    This matter comes before the Court on the Plaintiff, State of Florida Department of Environmental Protection's Motion for Remand (Doc. #6) filed on May 1, 2013. The Defendants, Lynn Callaway and Noel D. Clark, Jr., as Trustees of the Green Thumb Farm Trust filed an Amended Removal and Counterclaim (Doc. # 9) on May 13, 2013. Defendants B. Lynn Callaway and Noel D. Clark, Jr., as Trustees of the Green Thumb Farm Trust filed a Response in Opposition on May 17, 2013 (Doc. #10). The Plaintiff's filed a Second Motion for Remand (Doc. #11) on May 21, 2013. Thus, the initial Motion for Remand is due to be denied as moot. The Plaintiff filed its Response in Opposition to the Amended Removal (Doc. # 16) on May 24, 2013. The Defendants filed their Response (Doc. # 17) on May 24, 2013. The Motion is fully briefed and ripe for the Court's review.

1

**FACTS**

The Defendant Trustees are citizens of the State of Florida and the Green Thumb Farm Trust ("Trust") was created, and owns property within the State of Florida. On March 25, 2013, the State of Florida's Department of Environmental Protection ("Department") entered a Final Order granting access to the Defendant's Property to conduct assessment activities in accordance with Chapter 62-780, Florida Administrative Code. On April 3, 2013, the Trust refused access to the Property in violation of the Final Order issued by the Department. The Defendants filed a Notice of Removal of the State of Florida's administrative action with this Court on April, 2, 2013 (Doc. #1).

**DISCUSSION**

The Defendants allege that removal to federal court of the state agency decision is proper pursuant to 28 U.SC. § 1331, 1332, 1441 and 1446. The Department argues that remand is appropriate in this case because this matter involves an administrative proceeding by a state agency and there is no civil action pending in state court as required by 28 U.S.C. 1441(a).  The Department further argues that this Court lacks original jurisdiction of this matter.

The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove. <u>Bolen v. Illinois Nat. Ins. Co.</u>, 2012 WL 4856811 2-4 (M.D.Fla. August 28, 2012) (citing <u>Williams v. Best Buy Company, Inc</u>. 269 F.3d 1316, 1319 (11th Cir.2001)). When the defendant fails to do so, the case must be remanded. <u>Williams</u>,

269 F.3d at 1321. Removal statutes are to be strictly construed against removal. Bolen, 2012 WL 4856811 at 3 (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108, 61 S. Ct. 868, 85 L. Ed. 1214 (1941)); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir.1994) ("[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in favor of remand.").

### 1. Remand

The first thing the Court must consider is whether removal of an agency decision is proper. The removal statute 28 U.S.C. § 1441, in relevant part, provides for removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction…" 28 U.S.C. § 1441. There is a split among the federal circuits as to whether "State court" includes removal from state administrative agencies. Some courts apply a functional test while others use a plain language standard. The Eleventh Circuit has yet to address the issue.

#### *A. Functional Test*

Some courts allow for removal of quasi-judicial proceedings from state administrative agencies that perform "traditional court-like functions" such as conducting evidentiary hearings and entering judgments. *See* Floeter v. C.W. Transport, Inc., 597 F.2d 1100, 1102 (7th Cir.1979); Volkswagen de Puerto Rico, Inc. v. Puerto Rico Labor Relations Bd., 454 F.2d 38, 44 (1st Cir.1972). These courts apply the "functional test" from Upshur County v. Rich, to determine whether an agency performs traditional court like functions. 135 U.S. 467, 468-470, 10 S. Ct. 651, 34 L. Ed 196 (1890). When applying this test the Court evaluates "the functions, powers, and procedures of the state tribunal and consider those factors along with the respective state and federal

interests in the subject-matter and in the provision of a forum." Floeter v. C. W. Transp., Inc., 597 F.2d at 1102 (citing Volkswagen de Puerto Rico, Inc. v. Puerto Rico Labor Relations Board, 454 F.2d at 44).

The first step in applying the functional test is evaluating the powers and procedures of the state tribunal in order to determine if the agency functions as a court. Civil Rights Div. ex rel. Joseph v. Asplundh Tree Expert Co., 08-60493-CIV, 2008 WL 2616154 (S.D. Fla. 2008) (quoting Floeter v. C. W. Transp., Inc., 597 F.2d at 1102 (7th Cir. 1979)). In this case, although the Department issued a final order granting access to the Plaintiff's property, the Department lacked enforcement power. In order to enforce a final order, the Department must file a petition for enforcement in the circuit court pursuant to Section 120.69, Florida Statutes. Currently, no civil action has been initiated by the Department. The lack of inherent enforcement power is a distinguishing factor between the Department and a court. Id. The second step of the functional test is to consider "the respective state and federal interests." Id. This case involves violations of state law pursuant to 376.303(4), Florida Statutes. There is no federal interest present in this case because it does not involve federal law or a federal agency. The matter solely concerns a State administrative agency and State law. After applying the functional test to this case, the Court finds no removable state action exists within the meaning of 28 U.S.C. § 1441.

### B. Plain Language Test

In contrast, in Oregon Bureau of Labor & Industries ex rel Richardson, the Ninth Circuit applied a strict plain language construction and held that 28 U.S.C. § 1441 does not authorize removal proceedings from an administrative agency, "regardless of how

court-like the proceedings may be." 288 F.3d 414, 419 (9th Cir.2002). Likewise, the Northern and Southern Districts of Florida have rejected the application of the functional test in favor of a plain language interpretation of the statute. In Johnson v. Albertson's LLC, the Court found there was nothing in the text of 28 U.S.C. § 1441 to suggest the intention to authorize removal from administrative agencies to federal court, even when the agency performs judicial functions. 2008 WL 3286988 (N.D. Fla. 2008) (citing Harris v. Garner, 216 F.3d 970 (11th Cir. 2000); see also Civil Rights Div. ex rel. Joseph v. Asplundh Tree Expert Co., 08-60493-CIV, 2008 WL 2616154 (S.D. Fla. May 15, 2008)). Applying the plain language standard of the Ninth Circuit to the current case, the Court finds that because the Department is an administrative agency of the state it does not constitute a "State court" for the purposes of 28 U.S.C. § 1441.

Therefore, regardless of which test the Court applies, there is no "action brought in State court" as required by 28 U.S.C. § 1441 and removal of this case to federal court is inappropriate. Because there is no removable State action in this case the Court finds that remanding it back to the Department is proper.

## 2. Original Jurisdiction

The Department also argues that this Court lacks original jurisdiction over the current case. It is not necessary for the Court to determine if original jurisdiction exists because as stated above, no removable State action is present. However, if the Court found there was a removable State action, this case still must be remanded for lack of original jurisdiction.

In the Notice of Removal (Doc. #1) the Defendants assert that this Court has original jurisdiction over the matter based on 28 U.S.C. § 1332. The Defendants provide

no support for this assertion and there is nothing to establish the parties in this case are diverse for the purposes of 28 U.S.C. § 1332. In an attempt to garner original jurisdiction under § 1332 the Defendants filed an Amended Notice of Removal and Counter Complaint (Doc. #9) which incorrectly included Hercules, Inc., an out-of-state party.

Subject-matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332 requires complete diversity of citizens. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). Because the Department is an agency of the State of Florida, the Defendants are citizens of the State of Florida, and the Trust is located in Florida, regardless of whether Hercules, Inc. is added as a party, there is not complete diversity and 28 U.S.C. § 1332 does not apply.

The Defendants also claim original jurisdiction under 28 U.S.C. § 1331 based on allegations contained in their Counter Complaint. However, 28 U.S.C. § 1331 is not applicable because the Final Order on which removal is based, involves solely a matter of State law. The Defendants attempt to raise federal question issues in the Counter Complaint (Doc. #9) does not satisfy the original jurisdiction requirement because a Court cannot assert subject-matter jurisdiction based on a counterclaim. Holmes Grp. Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 832, 122 S. Ct. 1889, 1894, 153 L. Ed. 2d 13 (2002) (holding "we decline to transform the longstanding well pleaded-complaint rule into the 'well-pleaded-complaint-or-counterclaim rule'"). The United States Supreme Court has held that under 28 U.S.C. § 1331, the well-pleaded complaint rule does not allow a counterclaim to serve as the basis for a district court's "arising under" jurisdiction. Id. Accordingly, this Court does not have subject-matter

jurisdiction pursuant to 28 U.S.C. § 1331, as the Departments action is premised entirely on state law.

The Defendants in this case have failed to meet their burden of establishing original jurisdiction in this case. Therefore, Court finds that the Departments Motion for Remand is proper.

### 3. Timeliness

In addition, 28 U.S.C. Section 1446(b) provides that a notice of removal must be filed within 30 days after the Defendants receive the initial pleading. In this case, the Trustees were served with Notice on December 19, 2012. The Trustees first filed their Notice of Removal on April 2, 2013, following which an Amended Notice of Removal was filed on May 13, 2013. Both Notices exceed the 30 day time limit imposed by 28 U.S.C. Section 1446(b). Therefore, both the Trustees Notice of Removal (Doc. #1) and Amended Notice of Removal (Doc. #9) are untimely.

### 4. Attorney's Fees and Costs

The Department alleges an award of costs, expenses, and attorney's fees is appropriate arguing there was no basis for removal of the case.

Pursuant to 28 U.S.C. § 1447(c), when remanding a case originally filed in state court, but removed to federal court by a party to the action, a district court is authorized to require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. The decision whether to award costs and attorney's fees in the event of an erroneous removal is a matter entirely within the discretion of the court, and will not be disturbed absent a finding that the court abused that discretion. Gray v. New York Life Ins., 906 F.Supp. 628, 631 (N.D. Ala.1995). "Absent unusual

circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). Removal must be grounded in "some objectively reasonable basis when it occurs, not when a motion for attorney's fees is later filed." Id.

Given the Defendants *pro se* status, the Court will provide leeway on filing the Notice of Removal (Doc. #1). Therefore, the Department's request for attorney's fees and expenses is denied.

## **CONCLUSION**

For the reasons stated above, there is no removable State action in this case and the Court lacks original jurisdiction over the matter. Therefore, the Court finds that remanding the case back to the Department for further proceedings is proper. As a result, the Court dismisses the Defendants Counter Complaint (Doc. #9) for lack of subject-matter jurisdiction.

Accordingly, it is now

**ORDERED:**

1. The Plaintiff, State of Florida Department of Environmental Protection's Motion for Remand (Doc. #6) is **DENIED as moot**.

2. The Plaintiff's, State of Florida Department of Environmental Protection's Second Motion for Remand (Doc. #11) is **GRANTED**. The case is **REMANDED** to the Florida Department of Environmental Protection.

3. Plaintiff's request for attorney's fees is **DENIED**.

4. The Clerk of the Court is directed to **CLOSE** the case and terminate any pending motions.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of June, 2013.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record